**IN THE**

**UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

_____

**APPEAL NO.: 23-10412**

**DISTRICT COURT NO.: 8:21-CR-00367-WFJ-TGW**

_____

**UNITED STATES OF AMERICA,**

**Appellee,**

**vs.**

**FELICHA SANTOYO,**

**Appellant.**

_____

**INITIAL BRIEF OF APPELLANT**

**APPEAL FROM THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

_____

**GEOFFREY R. COX, ESQUIRE**
**COX & ASSOCIATES,**
**ATTORNEYS AT LAW, P.A.**
**Florida Bar Number: 0125600**
**29140 Chapel Park Drive**
**Wesley Chapel, FL 33543**
**Phone: (813) 973-4910**
**Email: gcox@coxlawfl.com**

**DATE: May 22, 2023**

No.: 23-10412

*United States of America v. Felicha Santoyo*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, I hereby certify that the following persons listed below are the parties interested in the outcome of this case:

1. Felicha Santoyo, Appellant;

2. Geoffrey R. Cox, Esquire, attorney for Appellant at the trial level and appellate level;

3. Michelle Clas, co-defendant at the trial level;

4. Amanda Powers Sellers, counsel for co-defendant Michelle Clas;

5. Felix Santoyo, and co-defendant at the trial level;

6. J. Jervis Wise, counsel for co-defendant Felix Santoyo;

7. Michael Ruff, co-defendant at the trial level;

8. Ronald J. Kuipers, II, counsel for co-defendant Michael Ruff;

9. Jose Trujillo, co-defendant at the trial level;

10. Justin Byron Lightly, counsel for co-defendant Jose Trujillo;

11. Stephanie Telesmanick, co-defendant in the lower court;

12. Bryant Scriven Ashley, counsel for Stephanie Telesmanick;

13. Candace Garcia Rich, Assistant United States Attorney at the trial level;

14. Maria Guzman, Assistant United States Attorney at the trial level;

15. Roger B. Handberg, United States Attorney, Middle District of Florida;

ii

No.: 23-10412

*United States of America v. Felicha Santoyo*

16. Robert A. Mosakowski, Assistant United States Attorney, Middle District of Florida;

17. Suzanne C. Nebesky, Assistant United States Attorney, Middle District of Florida;

18. Honorable William F. Jung, United States District Court Judge;

19. Honorable Thomas G. Wilson, United States Magistrate Judge;

There are no corporate or non-governmental entities in this case.

No.: 23-10412

*United States of America v. Felicha Santoyo*

## **STATEMENT REGARDING ORAL ARGUMENT**

The Appellant does not request oral argument. The facts and legal arguments are adequately presented in the briefs and record, and the decision-making process would not be significantly aided by oral argument. <u>See</u> Fed. R. App. P. 34(a)(2).

## **CERTIFICATION OF TYPE SIZE AND STYLE**

The Appellant certifies that 14-point Times New Roman font is used in this brief.

## **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

The Appellant certifies that this brief contains 5,482 words and therefore is within the word limit of Federal Rule of Appellate Procedure 32(a)(7)(B)(i).

No.: 23-10412

*United States of America v. Felicha Santoyo*

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT……………………………………………………...i

STATEMENT REGARDING ORAL ARGUMENT……………………………...iv

CERTIFICATION OF TYPE SIZE AND STYLE………………………………iv

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION…iv

TABLE OF CONTENTS………………………………………………………v

TABLE OF CITATIONS………………………………………………………vii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION….ix

STATEMENT OF THE ISSUES……………………………………………..x

STATEMENT OF THE CASE AND FACTS……………………………………1

SUMMARY OF THE ARGUMENTS…………………………………………...5

PRESERVATION OF ERROR AND STANDARD OF REVIEW……………..…6

ARGUMENT:

    I.    THE EVIDENCE INTRODUCED BY THE PROSECUTION AT TRIAL WAS INSUFFICIENT TO PROVE THAT THERE WAS A CONSPIRACY AS ALLEGED IN THE INDICTMENT, OR THAT THE DEFENDANT HAD KNOWLEDGE OF OR WILLFULLY JOINED IN ANY SUCH CONSPIRACY……………………………..7

    II.    THERE WAS A MATERIAL VARIANCE BETWEEN THE CONSPIRACY CHARGED IN THE INDICTMENT AND THE EVIDENCE INTRODUCED AT TRIAL WHICH SUBSTANTIALLY PREJUDICED THE DEFENDANT AT TRIAL...…………………...14

No.: 23-10412

*United States of America v. Felicha Santoyo*

CONCLUSION……………………………………………………………...20

CERTIFICATE OF SERVICE………………………………………………21

*United States of America v. Felicha Santoyo*

# TABLE OF CITATIONS

## CASES CITED

U.S. v Sellers, 871 F.2d 1019 (11th Cir. 1989)……………….…..………………..6

United States v. Silvestri, 409 F.3d 1311 (11th Cir. 2005)………………………..7

United States v. Vera, 701 F.2d 1349 (11th Cir. 1983)……………………………..7

United States v. Chandler, 388 F.3d 796 (11th Cir. 2004)…………………………..7

United States v. Toler, 144 F.3d 1423 (11th Cir. 1998)……………………………..7

Iannelli v. United States, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975)……..8

United States v. Adkinson, 158 F.3d 1147 (11th Cir. 1998)………………………..8

United States v. Long, 300 Fed. Appx. 804, 2008 WL4997057 (11th Cir. 2008)…..8

United States v. Ross, 131 F.3d 970 (11th Cir. 1997)……………………………….9

United States v. Simon, 839 F.2d 1461 (11th Cir. 1988)…………………………..9

United States v. Maxwell, 579 F.3d 1282 (11th Cir. 2009)…………………………9

United States v. Svete, 556 F.3d 1157 (11th Cir. 2009)…………………………….9

United States v. Hasson, 333 F.3d 1264, 1271………………………………...8, 9

Ingram v. United States, 360 U.S. 672 (1959)…………………………………8, 9

Pelletier v. Zweifel, 921 F.2d 1465 (11th Cir. 1991)……………………………….9

United States v. Parker, 839 F.2d 1473 (11th Cir. 1988)……………..9, 10, 11,12

United States v. Elam, 678 F.2d 1234 (5th Cir. 1982)……………………………10

United States v. Mulherin, 710 F.2d 731 (11th Cir. 1983)……………………13, 15

*United States of America v. Felicha Santoyo*

United States v. Peoni, 100 F.2d 401 (2nd Cir. 1938)………………………………...13

United States v. Hernandez, 896 F.2d 513 (11th Cir. 1990)…………………………13

United States v. Glinton, 154 F.3d 1245 (11th Cir. 1998)…………………………15

United States v. Coy, 19 F.3d 629 (11th Cir. 1994)…………………………………15

United States v. Adams, 1 F.3d 1566 (11th Cir. 1993)………..……………………15

United States v. Chandler, 388 F.3d 796 (11th Cir. 2004)…………15, 16, 17, 18, 19

Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239 (1946)………………16, 19

United States v. Ellis, 709 F.2d 688 (11th Cir.1983)………………………………18

United States v. Nettles, 570 F.2d 547 (5th Cir.1978)……………………………..18

OTHER AUTHORITIES

18 U.S.C. §3231……………………………………………………………………..ix

18 U.S.C. §3742(a)…………………………………………………………………...ix

18 U.S.C. §1349………………………………………………………………………1

18 U.S.C. § 1341……………………………………………………………………...8

18 U.S.C. §1343………………………………………………………………………8

No.: 23-10412

*United States of America v. Felicha Santoyo*

# STATEMENT OF SUBJECT-MATTER
# AND APPELLATE JURISDICTION

This is a direct appeal from a final judgment of guilt in a criminal case in the United States District Court for the Middle District of Florida.   The district court had jurisdiction under 18 U.S.C. §3231. This Court has jurisdiction under 18 U.S.C. §3742(a). The judgment was entered on January 27, 2023. Doc. 215.   The notice of appeal was timely filed on February 9, 2023. Doc. 227.

No.: 23-10412

*United States of America v. Felicha Santoyo*

## <u>STATEMENT OF THE ISSUES</u>

I.    WHETHER THE EVIDENCE INTRODUCED BY THE PROSECUTION AT TRIAL WAS SUFFICIENT TO PROVE THAT THERE WAS A CONSPIRACY AS ALLEGED IN THE INDICTMENT, OR THAT THE DEFENDANT HAD KNOWLEDGE OF OR WILLFULLY JOINED IN ANY SUCH CONSPIRACY.

II.    WHETHER THERE WAS A MATERIAL VARIANCE BETWEEN THE CONSPIRACY CHARGED IN THE INDICTMENT AND THE EVIDENCE INTRODUCED AT TRIAL WHICH SUBSTANTIALLY PREJUDICED THE DEFENDANT AT TRIAL.

No.: 23-10412

*United States of America v. Felicha Santoyo*

## STATEMENT OF THE CASE AND FACTS

On November 18, 2021, the Defendant and five other individuals were indicted for conspiracy to commit wire fraud and mail fraud in violation of 18 U.S.C. §1349. Doc. 1.   The indictment alleged that Michael Ruff, the Operations Manager of Ceres Marine Terminals, Inc. (hereinafter, "Ceres"), which managed the Port of Tampa, initiated a scheme to submit fraudulent time sheets to Ceres in order to obtain paychecks from Ceres for work that was not actually performed. Doc. 1. The indictment alleges that Mr. Ruff recruited five "co-conspirators" for this purpose, and that these co-conspirators, upon receiving their paychecks, would give Mr. Ruff a percentage. Doc. 1, p. 2-3. The indictment further alleges that the coconspirators "did engage in meetings, perform acts and make statements to promote and achieve the objects of the conspiracy…" Doc. 1, p.3

At trial, the Government submitted evidence that the named "co-conspirators" interacted with Mr. Ruff, but there was no evidence that any of them met with or interacted with each other to promote or further the conspiracy. Doc 254, 255, 256. The Government also submitted no evidence that the Defendant "did engage in meetings, perform acts and make statements to promote and achieve the objects of the conspiracy…" as alleged in the indictment. Doc. 254, 255, 256. Two of the alleged co-conspirators, Stephanie Telesmanick and Jerry Reyes, testified as witnesses for the Government at trial.   However, Ms. Telesmanick testified that she

1

No.: 23-10412

*United States of America v. Felicha Santoyo*

only knew the Defendant as a neighbor and had never communicated with her about the alleged conspiracy. Doc. 255, p. 40. Mr. Reyes testified that he had never met or seen the Defendant before. Doc. 255, p.140, 141. Finally, there was there no evidence that the Defendant gave Mr. Ruff a percentage of any of her paychecks as alleged in the indictment. Doc 254, 255, 256.

The indictment also alleges that all of the co-conspirators were "ghost workers," meaning they never performed any work for Ceres at the Port of Tampa. Doc. 1.   Co-conspirators Stephanie Telesmanick and Jerry Reyes testified that they never did any work for Ceres or at the Port of Tampa. Doc. 255, p.33, 133. However, the Defendant submitted uncontroverted evidence that she had worked at the Port of Tampa during the relevant time period, including photos and the testimony of several long time Port of Tampa workers who had observed her working there. Doc. 173.   Defense witness Holton Buggs, a Port of Tampa worker for more than 40 years, testified that he had observed the Defendant working various jobs at the Port of Tampa during the relevant time period. Doc. 255, p.143, 146-149. Defense witness Carnell Buie, who also had worked at the Port of Tampa for approximately 40 years, testified that he had seen the Defendant working as a laborer at the Port on multiple occasions during the relevant time period. Doc. 255, p.154, p. 160-161. Defense witness Steven Barry Edwards, another long time Port worker, testified that he had seen the Defendant working at the Port as a forklift operator

*United States of America v. Felicha Santoyo*

during the relevant time period. Doc. 256, p.13.   Defense witness Elizabeth Burney-Jones, who had worked at the Port of Tampa for approximately 20 years, testified that she had trained and supervised the Defendant at the Port and had observed her working there on multiple occasions during the relevant time period. Doc. 256, p.19,20.

The Government argued that the Defendant could not have worked as a forklift operator at the Port because she did not have the necessary certification and was not a union member. Doc. 256, p.34. The Government also argued that the Defendant's bank records showed that she had made purchases at stores in Miami on some of the days that she also worked at the Port of Tampa and therefore, this was proof that she did not work in Tampa on those particular days. Doc. 256, p. 35. (Doc. 172, trial exhibit #19).   However, these bank records did not show the time of day she made the purchases in Miami, and it is not inconceivable that the Defendant could have been in both cities on the same date.

At the conclusion of the Government's case, the Defendant moved for a Judgment of Acquittal which was denied by the trial court. Doc. 255, p.166-176. After the conclusion of the Defendant's case, the Defendant renewed her Motion for a Judgment of Acquittal. Doc 256, p.24. The Court again denied the Defendant's motion. On November 17, 2022, following a three-day jury trial, the Defendant, along with co-defendants Felix Santoyo and Michelle Clas, was found guilty by a

No.: 23-10412

*United States of America v. Felicha Santoyo*

jury of the sole count of the indictment. Doc. 256, p.106. On December 5, 2022, the

Defendant filed a written Motion for Judgment of Acquittal.   On January 10, 2023,

the trial court entered an order denying the Defendant's written Motion for Judgment

of Acquittal.

No.: 23-10412

*United States of America v. Felicha Santoyo*

## SUMMARY OF THE ARGUMENTS

The evidence introduced by the prosecution at trial was insufficient to prove that there was a conspiracy as alleged in the indictment, or that the Defendant had knowledge of or willfully joined in any such conspiracy. In addition, there was a material variance between the conspiracy charged in the indictment and the evidence introduced at trial which substantially prejudiced the Defendant. Accordingly, the trial court should have entered the Defendant's Motion for Judgment of Acquittal.

No.: 23-10412

*United States of America v. Felicha Santoyo*

## PRESERVATION OF ERROR AND STANDARD OF REVIEW

At the conclusion of the Government's case, the Defendant moved for a Judgment of Acquittal. Doc. 255, p.166-176.   After the conclusion of the Defendant's case, the Defendant renewed her Motion for a Judgment of Acquittal. Doc 256, p.24. The Court again denied the Defendant's motion. On November 17, 2022, following a three-day jury trial, the Defendant, along with co-defendants Felix Santoyo and Michelle Clas, was found guilty by a jury of the sole count of the indictment. Doc. 256, p.106. On December 5, 2022, the Defendant filed a written Motion for Judgment of Acquittal.   Doc. 157.   On January 10, 2023, the trial court entered an order denying the Defendant's written Motion for Judgment of Acquittal. Doc. 184.

In determining a motion for judgment of acquittal, the Court must view the evidence in a light most favorable to the government and determine whether a reasonable jury could have found the Defendant guilty beyond a reasonable doubt. U.S. v Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989).

No.: 23-10412

*United States of America v. Felicha Santoyo*

## ARGUMENT

**I.    THE EVIDENCE INTRODUCED BY THE PROSECUTION AT TRIAL WAS INSUFFICIENT TO PROVE THAT THERE WAS A CONSPIRACY AS ALLEGED IN THE INDICTMENT, OR THAT THE DEFENDANT HAD KNOWLEDGE OF OR WILLFULLY JOINED IN ANY SUCH CONSPIRACY.**

To prove the charge alleged in this case, the Government bears the burden of establishing "[1] that an agreement existed between two or more persons to commit a crime and [2] that [the Defendant] knowingly and voluntarily joined or participated in the conspiracy." United States v. Silvestri, 409 F.3d 1311, 1328 (11th Cir. 2005) citing United States v. Vera, 701 F.2d 1349, 1357 (11th Cir. 1983). "The essence of the conspiracy is this agreement to commit an unlawful act." United States v. Chandler, 388 F.3d 796, 805-06 (11th Cir. 2004) citing United States v. Toler, 144 F.3d 1423, 1425 (11th Cir. 1998). The Eleventh Circuit has advised "[w]hat distinguishes the offense of conspiracy from a substantive offense, is that 'agreement is the essential evil at which the crime of conspiracy is directed.'" Id. at 806 quoting Iannelli v. United States, 420 U.S. 770, 777, n. 10, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). "Thus the government must prove the existence of an agreement to achieve an unlawful objective and the defendant's knowing participation in that agreement." Id. (emphasis in original) citing United States v. Adkinson, 158 F.3d 1147, 1155 (11th Cir. 1998).

With respect to the substantive charges underlying the alleged conspiracy, the

No.: 23-10412

*United States of America v. Felicha Santoyo*

elements of mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. §1343, are identical, aside from the means by which the fraud is effectuated. United States v. Long, 300 Fed. Appx. 804, 817, 2008 WL 4997057 (11th Cir. 2008). To establish a conspiracy to commit mail fraud and/or wire fraud, the Government must prove: "(1) an agreement between two or more persons (2) to execute a scheme to defraud, and (3) use of either the mails or wire service in furtherance of the scheme." United States v. Ross, 131 F.3d 970, 981 (11th Cir. 1997) quoting United States v. Simon, 839 F.2d 1461, 1469 (11th Cir. 1988). Concerning the second of those elements, "[a] scheme to defraud requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property. United States v. Maxwell, 579 F.3d 1282, 1299 (11th Cir. 2009) citing United States v. Svete, 556 F.3d 1157, 1161, 1169 (11th Cir. 2009) (en banc). "A misrepresentation is material if it has 'a natural tendency to influence, or [is] capable of influencing, the decision maker to whom it is addressed.'" Maxwell, 579 F.3d at 1299 quoting United States v. Hasson, 333 F.3d 1264, 1271.

Furthermore, "conspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself." Ross, 131 F.3d at 980-981 quoting Ingram v. United States, 360 U.S. 672 (1959) (emphasis in original). The Government, therefore, must also prove that the Defendant had the requisite *mens rea* when she agreed to participate in the

No.: 23-10412

*United States of America v. Felicha Santoyo*

scheme to defraud, or a "conscious knowing intent to defraud." <u>Long</u>, 804 Fed. Appx at 817, quoting <u>Pelletier v. Zweifel</u>, 921 F.2d 1465, 1499 (11th Cir. 1991). To do so, the Government must "prove that the defendant knowingly and voluntarily agreed to participate in a scheme to defraud and that the use of the interstate wires [or mails] in furtherance of the scheme was reasonably foreseeable." <u>Hasson</u>, 333 F.3d at 1270.

A.  <u>The Evidence Failed to Prove the Existence of an Agreement Between the Defendant and any other Person to Commit Mail or Wire Fraud</u>

The evidence presented at trial was insufficient to establish that the Defendant entered into an agreement with any of the alleged co-conspirators to participate in the alleged scheme to defraud as charged in the indictment. Although conspiracies to commit mail fraud and/or wire fraud can be vastly different and vary widely, parallels can be drawn from the instant case and <u>United States v. Parker</u>, 839 F.2d 1473 (11th Cir. 1988). In <u>Parker,</u> the owner and president of a securities brokerage firm had devised a scheme to generate cash by selling short-term investments that were backed by long-term bonds. <u>Id</u>. at 1475. The president advised his salespersons to market the investments as "ninety-day instrument[s] yielding 10¼%, collateralized by $10 to $12 million in government bonds." <u>Id</u>. The salespersons sold over $6 million worth of the ninety-day instruments. The firm, however, actually held less than $500,000 in bonds. <u>Id</u>. Based on those facts, the Government later indicted and convicted the president and four of the salespersons on charges of

No.: 23-10412

*United States of America v. Felicha Santoyo*

conspiracy and mail fraud. Id. On direct appeal, the Eleventh Circuit reversed the defendants' conspiracy convictions, finding that the evidence failed to establish the existence of a common agreement amongst the conspirators. The Court found that "[t]he appellants certainly directed their efforts toward the common goal of making money for themselves and their employer. But to support a conspiracy conviction, the evidence must establish a common agreement to violate the law." Id. at 1478 citing United States v. Elam, 678 F.2d 1234, 1245 (5th Cir. 1982). The Court went on to hold "[w]hile the evidence clearly shows that the law was violated, there is insufficient evidence of a common agreement. Without evidence showing or tending to show a meeting of the minds to commit an unlawful act, the convictions cannot stand." Id.

As in Parker, the evidence in the instant case may have shown that the law was violated, however, it was insufficient to show that there was a common agreement between the Defendant and any other individual to commit the fraud alleged in the indictment. The only alleged co-conspirator the Defendant could have purportedly entered into any such agreement with would have been Michael Ruff. However, as in Parker, no evidence was submitted at trial which would establish, or even permit an inference, that the Defendant entered into any illegal agreement with Ruff. Mr. Ruff, to be sure, like the president at issue in Parker, violated the law. Mr. Ruff was the Operations Manager overseeing the Port and had complete control

10

*United States of America v. Felicha Santoyo*

over employee timesheets. Doc. 254, p. 30.   Mr. Ruff was also the final person to review those timesheets before they were sent to Ceres for processing. Doc. 254, pp. 28-59.   While the evidence established that Mr. Ruff may have "padded" the time the Defendant worked, the Government presented no evidence to show that the Defendant entered into any agreement with Mr. Ruff to do so. Doc. 1, Doc 2, pp. 5-141. As in <u>Parker</u>, the evidence was void of proof that the Defendant was aware of Mr. Ruff's scheme to defraud or that she reached a common agreement to commit mail fraud or wire fraud.

To be fair, even absent any express agreement between a defendant and any alleged co-conspirator to execute a scheme to defraud, the conspiracy to defraud can be inferred from the actions of the defendant or by the circumstantial evidence of a scheme. <u>Parker</u>, 839 F.2d at 1478. Nonetheless, in the instant case, the evidence presented at trial, which was wholly circumstantial, was not sufficient to permit an inference to that effect. The evidence, furthermore, did not show that the Defendant's actions were directed towards a common purpose shared with the other alleged co-conspirators. The Defendant presented ample evidence that she was legitimately working at the Port during the time of the alleged conspiracy. Evidence that the Government presented which showed that the Defendant's check card having been used in Miami on days that she was paid for working in Tampa is likewise insufficient to permit an inference that she was knowingly participating in

11

*United States of America v. Felicha Santoyo*

a conspiracy to defraud. For one, the evidence did not establish who was using the card on the days in question. Furthermore, the evidence did not establish that the Defendant could not have travelled between Miami and Tampa on the days in question. Finally, and perhaps most critically, the evidence clearly established that Mr. Ruff was responsible for editing and approving timesheets. Assuming that Mr. Ruff was modifying the days when the Defendant worked there, there exists no evidence to show that the Defendant would have had any knowledge that Mr. Ruff was manipulating the timesheets. In the end, the jury could no more than speculate that the Defendant was taking part in a conspiracy with Mr. Ruff.

Even when viewed in a light most favorable to the Government, the circumstantial evidence was far from sufficient to prove an agreement or a meeting of the minds between the Defendant and any other individual to execute the scheme to defraud charged in the indictment. Therefore, as in <u>Parker</u>, "without evidence showing or tending to show a meeting of the minds to commit an unlawful act, the conviction [against the Defendant] cannot stand." <u>Parker</u>, 839 F.2d at 1478.

### B. The Evidence Also Failed to Prove that the Defendant had Knowledge of any Purported Conspiracy to Commit Mail or Wire Fraud

As set forth above, an element that the Government must also prove in all conspiracy charges is that the Defendant knew the essential objectives of the conspiracy. <u>United States v. Mulherin</u>, 710 F.2d 731, 737-738 (11th Cir. 1983).

*United States of America v. Felicha Santoyo*

Although the Government is not required to prove that each alleged conspirator knew all the details of the conspiracy, the Government must at least prove that the defendant knew the essentials of the conspiracy. Id. And, "while mere presence or association with others in a criminal scheme is not sufficient to prove participation in a conspiracy, the essential elements of a conspiracy can be proved by inference from the actions of the parties or by the circumstantial evidence." Id. (internal citations omitted). However, "[s]ince no one can be said to have agreed to a conspiracy that they do not know exists, proof of knowledge of the overall scheme is critical to a finding of conspiratorial intent." Chandler, 388 F.3d at 806. Likewise, "'[n]obody is liable in conspiracy except for the fair import of the concerted purpose or agreement as he understands it.'" Id. quoting United States v. Peoni, 100 F.2d 401, 403 (2nd Cir. 1938). "The government, therefore, must prove beyond a reasonable doubt that the conspiracy existed, that the defendant knew about it and that he voluntarily agreed to join it." Id. citing United States v. Hernandez, 896 F.2d 513, 519 (11th Cir. 1990).

Compounding on the arguments set forth above, the evidence was insufficient to permit an inference beyond a reasonable doubt that the Defendant knew of the alleged conspiracy. Again, Mr. Ruff was the sole alleged conspirator who knew the inner workings of the Port payroll system and had the ability to manipulate it. The most the evidence established was that the Defendant got paid for time that she

*United States of America v. Felicha Santoyo*

purportedly did not work.   The evidence did not establish that the Defendant knew anything whatsoever of what Mr. Ruff was doing to carry out his scheme. The Defendant merely received a check. Even assuming for purposes of argument that she had reason to know that she was being paid for some work that was not being performed, that fact does not confer on the Defendant knowledge of the alleged conspiratorial scheme that Mr. Ruff was carrying out. The evidence did not therefore prove beyond a reasonable doubt that the Defendant had knowledge of the essentials of the conspiracy charged in the indictment.

## II.  A MATERIAL, PREJUDICIAL VARIANCE EXISTED BETWEEN THE PROOF AT TRIAL AND THE SINGLE CONSPIRACY CHARGED IN THE INDICTMENT

The indictment alleges that the six coconspirators "did knowlingly and willfully combine, conspire, confederate, and agree with each other and others, both known and unknown t the Grand Jury, to commit…wire fraud…" Doc. 1.   The indictment further alleges that the alleged coconspirators "did engage in meeting, perform acts and make statements to promote and achieve the objects of the conspiracy and to misrepresent, hide an conceal the fraudulent nature of their conspiracy."   However, if the jury concluded that the evidence showed that each alleged co-conspirator individually engaged in an illegal scheme with Mr. Ruff, there was no evidence to show that any of the communicated with each other about

*United States of America v. Felicha Santoyo*

the scheme or even had knowledge of the other alleged co-conspirators involvement. Stephanie Telesmanick and Jerry Reyes were two of the individuals named in the indictment along with the Defendant. At the Defendant's trial they were called by the Government as witnesses and testified that, while they had individually met with Mr. Ruff, they did not communicate with the Defendant and were not aware of her involvement in the scheme. In fact, Ms. Telesmanick only knew her as a neighbor and Mr. Reyes had never met her before. Doc. 255, pp. 31-40, 132-141.

"In order to constitute a single conspiracy there must be a single enterprise which sets up a common goal connecting each defendant." United States v. Glinton, 154 F.3d 1245, 1251 (11th Cir. 1998). A conviction that is based on a variance between the conspiracy charged in the indictment and the proof at trial must be reversed if the variance (1) is material and (2) substantially prejudiced the defendant. United States v. Coy, 19 F.3d 629, 633 (11th Cir. 1994). The test for determining whether a variance is material is to view the evidence in a light most favorable to the Government and determine whether a reasonable jury could have found that a single conspiracy existed beyond a reasonable doubt. Id. Three factors are relevant to the determination of whether a jury could have reasonably found the existence of a single conspiracy: "(1) whether a common goal existed, (2) the nature of the scheme underlying the crimes charged, and (3) the overlap of participants." Id., quoting United States v. Adams, 1 F.3d 1566, 1584 (11th Cir. 1993).

15

No.: 23-10412

*United States of America v. Felicha Santoyo*

The instant case is akin to a classic "hub-and-spoke" conspiracy where a central conspirator or core of conspirators recruits separate co-conspirators to carry out the various functions of the illegal enterprise. See United States v. Chandler, 388 F.3d 796, 807 (11th Cir. 2004). The core conspirator or conspirators "move from spoke to spoke, directing the functions of the conspiracy." Id. "The United States Supreme Court has characterized such a conspiracy as a 'rimless wheel' because there is no rim to connect the spokes into a single scheme." Id., citing Kotteakos v. United States, 328 U.S. 750, 755, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946) (reversing defendants' conspiracy convictions where defendants had obtained fraudulent loans through one individual at center of the case but the evidence established no connection between the defendants). In such instances, "where the 'spokes' of a conspiracy have no knowledge of or connection with any other, dealing independently with the hub conspirator, there is not a single conspiracy, but rather as many conspiracies as there are spokes." Id.

United States v. Chandler was one such rimless wheel conspiracy case, wherein 43 defendants were indicted in a mail fraud conspiracy involving a scheme to defraud McDonald's Corporation. Chandler, 388 F.3d at 799. The indictment alleged that Jerome Jacobson embezzled winning promotional game stamps and conspired with others to act as "recruiters," who would then solicit other people to submit the stolen winning game stamps to McDonald's and collect the prize money.

16

No.: 23-10412

*United States of America v. Felicha Santoyo*

Id. The appellants were alleged to have recruited winners or redeemed stolen game stamps. Id. They were found guilty at trial and thereafter appealed their convictions. In reviewing the convictions on appeal, the Eleventh Circuit preliminarily provided that "in order to prove the charged conspiracy, the Government had to show that the defendant knew and agreed to some scheme larger than their own spoke." Id. at 808. The Court held that "without evidence of an agreement to participate in the larger scheme charged in the indictment, the Government proved only that there may have been multiple conspiracies," with Jacobson being the key man in the middle. Id. The Court also noted that "although the defendants' alleged misrepresentations to McDonald's might have constituted acts in furtherance of the charged conspiracy, proof of such misrepresentations alone does not prove they joined the conspiracy indicted by the grand jury to embezzle and fraudulently redeem the game stamps." Id. at 809 (emphasis in original). "While a single conspiracy may have two illegal objects, without proof of some connection between these objects, it is not a single conspiracy." Id. (emphasis in original). The Court went on to provide later in the opinion that in order to prove a single, unified conspiracy, as opposed to a series of smaller separate conspiracies, "the Government must show an interdependence among the alleged co-conspirators." Chandler, 388 F.3d at 811.

With respect to the facts of Chandler, the Court held that the Government had not proven such interdependence:

17

*United States of America v. Felicha Santoyo*

In this case, there was no such interdependence of the spokes. The combined efforts of the spokes were not required to insure the success of the venture. No spoke depended upon, was aided by, or had any interest in the success of the others. Each spoke acted independently and was an end unto itself. The actions of one spoke did not facilitate the endeavors of other coconspirators or the venture as a whole. We have reversed conspiracy convictions where no interdependence was shown. See United States v. Ellis, 709 F.2d 688, 690 (11th Cir.1983) (no evidence permitting inference that spokes knew of each other or interacted in any way); United States v. Nettles, 570 F.2d 547, 551 (5th Cir.1978).

Id. at 811-12 (footnotes omitted). The Eleventh Circuit ultimately reversed the denials for the appellants' motions for judgments of acquittal. In reaching its holding, the Court emphasized "[w]e have never upheld a conspiracy conviction where a single key man moved alone from spoke to spoke, agreeing with no one else common to more than one spoke." Id. at 808.

The instant case is materially indistinguishable from Chandler. Viewing the evidence in a light most favorable to the Government, Ruff was individually recruiting individuals to participate in his scheme to defraud Ceres. Reyes and Telesmanick, the charged conspirators who testified at trial, testified that they did not know the Defendant to have been involved in the frauds they were each individually carrying out with Ruff. Doc. 255, pp. 31-40, 132-141. Neither witness knew about any of the other charged conspirators having been involved (with the obvious exception of Ruff). The remainder of the evidence likewise established that Ruff, like Jacobson in the Chandler case, was individually recruiting people to

*United States of America v. Felicha Santoyo*

obtain the fraudulent paychecks without informing the recruited individuals about the existence of one another. Certainly, it would have been to Ruff's advantage not to let the people he recruited know about one another.  As such, the evidence showed that each alleged co-conspirator dealt independently with Ruff, not that all the defendants had a common goal with each other and the other alleged co-conspirators.

As was the case in <u>Chandler</u>, the evidence established no interdependence whatsoever between the various alleged co-conspirators aside from Ruff. By no stretch did the evidence prove, as charged in the indictment, that the conspirators engaged in meetings, performed acts, and made statements to promote and achieve the objects of the conspiracy and to misrepresent, hide, and conceal the fraudulent nature of the conspiracy. At most, the evidence showed that Ruff was carrying out an individual conspiracy between himself and each of the alleged coconspirators individually and inconspicuously. Consequently, just as in <u>Chandler</u>, the evidence proved a rimless <u>Kotteakos</u> conspiracy. Ruff was the center of the wheel to which each spoke was connected. The evidence failed, however, to establish the requisite "rim" that connected the spokes into the charged conspiracy. A material, prejudicial variance thereby exists between the proof at trial in the instant case and the single conspiracy charged in the indictment.

No.: 23-10412

*United States of America v. Felicha Santoyo*

## CONCLUSION

Based on the foregoing, the evidence was insufficient to prove the essential elements of the charged conspiracy, as there was no evidence introduced at trial of an agreement between the Defendant and Ruff, or between the Defendant and any other co-conspirator.   However, even assuming that the evidence proved that the Defendant entered into a conspiracy with Ruff, the evidence proved only a "rimless wheel" conspiracy that is factually indistinguishable from those discussed in the Kotteakos and Chandler cases.   Without evidence showing that the other "spokes" or members of the conspiracy knew of each other or interacted with each other in any way, the Government cannot meet its burden of proving a conspiracy as alleged in the indictment.   Accordingly, it the trial court erred in denying the Defendant's Motion for Judgement of Acquittal.

No.: 23-10412

*United States of America v. Felicha Santoyo*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished by CM/ECF to the Office of the United States Attorney on this 22[th] day of

May 2023.

*/s/ Geoffrey R. Cox*

GEOFFREY R. COX, ESQUIRE
COX & ASSOCIATES,
ATTORNEYS AT LAW, P.A.
Florida Bar Number: 0125600
29140 Chapel Park Drive
Wesley Chapel, FL 33543
Phone: (813) 973-4910
Email: gcox@coxlawfl.com
